J-S07014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| STEPHEN EUGENE JILES | |
| Appellant | No. 1063 MDA 2016 |

Appeal from the PCRA Order December 10, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s):
CP-67-CR-0002718-2009
CP-67-CR-0002719-2009
CP-67-CR-0002745-2010
CP-67-CR-0003039-2009

BEFORE:  BOWES, LAZARUS, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 17, 2017**

Stephen Eugene Jiles appeals from the order denying his PCRA petition.  Appellant's case returns to us after we remanded this matter with directions to counsel to file a ***Turner/Finley***[1] brief addressing the issues raised by Appellant in his original *pro se* PCRA petition.  Counsel has complied with our order.  Following review, we grant counsel's application to withdraw and affirm.

---

[1]  ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

We reiterate the relevant factual and procedural history as previously set forth by this Court:

> Following his convictions for numerous counts of robbery and other related offenses at the above docket numbers, Appellant was sentenced to an aggregate term of nine to twenty-one years' imprisonment. In a consolidated appeal, this Court affirmed Appellant's judgment of sentence on April 4, 2012. *Commonwealth v. Jiles*, 48 A.3d 469 (Pa.Super. 2012) (unpublished memorandum).

> On January 4, 2013, Appellant *pro se* timely filed a petition pursuant to the [PCRA], raising, *inter alia*, a claim that counsel was ineffective for failing to file a petition for allowance of appeal to the Supreme Court of Pennsylvania from this Court's affirmance of his judgment of sentence. The PCRA court appointed John Hamme, Esquire, as counsel. On April 24, 2013, following a hearing, the PCRA court granted Appellant's petition with respect to that claim and reinstated Appellant's right to file a petition for allowance of appeal *nunc pro tunc*. The PCRA court denied the petition in all other respects.

> On May 16, 2013, Appellant filed a counseled notice of appeal to this Court from the PCRA court's April 24, 2013 order. On May 23, 2013, Appellant filed a counseled petition for allowance of appeal to our Supreme Court, which was denied on October 2, 2013. *Commonwealth v. Jiles*, 76 A.3d 539 (Pa. 2013). On March 5, 2014, Appellant *pro se* filed another PCRA petition. Appellant also requested the appointment of counsel. On April 15, 2014, this Court affirmed the PCRA court's April 24, 2013 order. *Commonwealth v. Jiles*, 102 A.3d 533 (Pa.Super. 2014). On May 1, 2014, the PCRA court appointed William Graff, Esquire, to represent Appellant for purposes of his March 5, 2014 PCRA petition.

> On June 26, 2014, the PCRA court held a hearing on Appellant's petition. At the hearing, Attorney Graff presented two issues to the PCRA court, but rather than advocate for his client, Attorney Graff essentially informed the PCRA court that the issues did not warrant relief. Following the hearing, the PCRA court dismissed Appellant's PCRA petition.

- 2 -

Notwithstanding the procedural irregularities already outlined above, at this point, the procedural posture of this case begins to fall into complete disarray. A review of the record clearly reveals that Appellant sought to appeal the dismissal of his March 5, 2014 petition, but the clerk of courts and the PCRA court failed to handle appropriately his *pro se* filings evidencing that fact, and his appointed counsel failed to act altogether. As a result, Appellant was denied his right to appeal the PCRA court's June 26, 2014 order dismissing his petition.

Appellant then filed his "Motion to Re-Instate Appeal Rights or, in the Alternative, to Have Docketed Notice of Appeal Processed by the Clerk of Courts" on August 20, 2014. On August 28, 2014, the PCRA court denied Appellant's motion.

*Commonwealth v. Jiles*, 131 A.3d 94 (Pa.Super. 2015) (unpublished memorandum at 1-2).

In the following appeal, Appellant argued that the PCRA court erred in failing to re-instate his appellate rights where Appellant evinced a clear intent to appeal the PCRA court's decision, and appointed counsel failed to take the appropriate steps to do so. In addition, Appellant reiterated the four issues he presented in his March 5, 2014 PCRA petition. We found that Attorney Graff's numerous errors effectively denied Appellant his right to representation by counsel. Thus, we remanded for the appointment of new counsel, and the filing of an amended PCRA petition or *Turner*/*Finley* no-merit letter. As such, we did not reach the merits of the four issues Appellant raised in his PCRA petition.

On remand, the PCRA court appointed George Margetas, Esquire, to represent Appellant during his PCRA proceedings. Attorney Margetas did not

file an amended PCRA petition. The PCRA court held a hearing on December 10, 2015, wherein counsel argued the issues raised in Appellant's *pro se* PCRA petition. The PCRA court denied relief, and Appellant indicated, on the record, that he desired appellate review. Attorney Margetas did not file a notice of appeal, nor did he seek to withdraw as counsel. Subsequently, Appellant again petitioned the court for reinstatement of his appellate rights. The PCRA court appointed Heather A. Reiner, Esquire, and, after a hearing on May 31, 2016, the court re-instated Appellant's appeal rights.

Appellant filed the present timely, counseled notice of appeal and complied with the court's order to file a Rule 1925(b) statement of errors complained of on appeal. On November 14, 2016, counsel filed with this Court a *Turner*/*Finley* letter and an application to withdraw as counsel. Thereafter, Appellant filed an application for relief requesting that the Court permit him to file an amended Rule 1925(b) statement in order to include the four issues he raised in his March 5, 2014 PCRA petition. We denied this relief, but permitted Appellant an extension of time to file a response to counsel's no-merit letter. Appellant did so, contending that appellate counsel had filed a Rule 1925(b) statement without his input, and that statement failed to include the issues for which he seeks redress on appeal.

Subsequently, we reviewed counsel's *Turner*/*Finley* letter and brief, and found that she had not meet the technical requirements enunciated in *Turner*/*Finley* in order to be permitted to withdraw. Specifically, we found

- 4 -

that counsel had failed to address the issues presented by Appellant in his original *pro se* PCRA petition, and discerned no justification for failing to do so. Thus, we remanded the matter with instructions to counsel to refile her ***Turner*/*Finley*** brief addressing those concerns, or in the alternative, to file an advocate's brief. Counsel has presented an amended ***Turner*/*Finley*** brief. This matter is now ready for our review.

PCRA counsel's ***Turner*/*Finley*** brief directs this Court's attention to four issues of possible merit:

1. Whether trial counsel, Kevin Hoffman, rendered ineffective assistance by failing to move for dismissal of case No. CP-67-CR-00[2]745-2010 based on a denial of due process and prosecutorial misconduct?

2. Whether trial counsel, Kevin Hoffman, rendered ineffective assistance for offering erroneous advice with regard to accepting or rejecting a plea offered by the Commonwealth that was significantly less onerous than the prison time imposed following trial?

3. Whether Appellant was subjected to structural error when a Judge who decided pre-trial motions was involved in an intimate relationship with the assistant district attorney, who prepared and submitted said motions, resulting in a denial of due process?

4. Whether trial and direct appeal counsel, Kevin Hoffman, was ineffective for failing to file an application for relief in appellate court when he discovered that the pre-trial motions Judge was intimately involved with the assistance district attorney who prepared and submitted several pre-trial motions decided by that Judge?

***Turner*/*Finley*** brief, 1/23/17, at 6.

As a preliminary matter, we must address whether counsel has met the requirements of *Turner*/*Finley*. The *Turner*/*Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. Counsel must then file a "no-merit" letter detailing the nature and extent of her review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. *Commonwealth v. Freeland*, 106 A.3d 768, 774 (Pa.Super. 2014). Counsel is required to contemporaneously serve upon her client her no-merit letter and application to withdraw along with a statement that, if the court granted counsel's withdrawal, the client may proceed *pro se* or with a privately retained attorney. *Id*. at 774. This Court must then conduct its own independent evaluation of the record and agree with counsel that the petition is meritless. *Id*.

Here, we find that counsel has complied with the requirements of *Turner*/*Finley*. Counsel detailed her review of the record and concluded that Appellant's claims are meritless. She notified Appellant, and furnished him with a copy of her no-merit letter, advising him of his right to proceed *pro se* or to retain private counsel. Thus, we turn to the merits of the instant appeal.

We review an order denying a PCRA petition to determine whether the PCRA court's ruling is supported by the evidence of record and is free from legal error. **Commonwealth v. Watley**, 153 A.3d 1034, 1039 (Pa.Super. 2016). We will not disturb the PCRA court's findings unless there is no support for the findings in the certified record. **Id**. at 1039-1040.

Three of Appellant's issues involve allegations that trial counsel, Attorney Hoffman, rendered ineffective assistance of counsel. To establish ineffective assistance of counsel, a PCRA petitioner must show that the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. **Id**. at 1040. We commence our analysis under the presumption that counsel was effective. **Id**. The failure to satisfy any prong of the test will cause the claim to fail. **Id**.

Appellant contends first that trial counsel was ineffective for failing to move for the dismissal of the offenses charged at action number 2745-2010, which he insists were improperly brought by the Commonwealth. The following procedural history is relevant to Appellant's argument. The Commonwealth brought charges against Appellant for crimes he committed on March 26, 2009. Those charges included one count of robbery graded as a second-degree felony pursuant to 18 Pa.C.S. § 3701(a)(1)(iv), and one count of robbery graded as a third-degree felony pursuant to 18 Pa.C.S. §

3701(a)(1)(v).[2]   After a preliminary hearing, the magisterial district court dismissed the second-degree felony robbery charge.

Subsequently, the Commonwealth filed bills of information erroneously charging Appellant with both original offenses.  Appellant filed an omnibus pre-trial motion which, in part, challenged the inclusion of the second-degree robbery offense in his charging documents.  The court granted Appellant's motion in part, and dismissed the case in its entirety.  The Commonwealth refiled the charges, and Appellant was arraigned on April 4, 2010.  A preliminary hearing was held on April 28, 2010, after which all charges, including both counts of robbery, were held over for trial.  The court of common pleas docketed the new matter at action number 2745-2010.  Following trial, Appellant was found not guilty of second-degree robbery, and guilty on all other counts.

Essentially, Appellant contends that his due process rights were violated since he was not re-arrested for the revived charges at 2745-2010, cannot remember a preliminary hearing being conducted following the refiling of these charges, and the Commonwealth otherwise ignored the rules of criminal procedure in bringing this case before the court.  Hence, he

---

[2] The Crimes Code defines these offenses as robbery where, "in the course of committing a theft, he: . . . (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; . . . (v) physically takes or removes property from the person of another by force however slight[.]"  18 Pa.C.S. § 3701(a)(1)(iv) and (v).

concludes that trial counsel was ineffective for failing to move to have the case docketed at action number 2745-2010 dismissed as a result of the Commonwealth's procedural missteps.

Instantly, the record reflects that the magisterial court held a preliminary hearing on April 28, 2010, wherein Appellant's charges were held for court, including one count of robbery graded as a second-degree felony. Appellant's failure to recall this hearing is no defense, nor does it raise the specter of prosecutorial misconduct. The refiling of these charges was authorized by the district attorney's office, accompanied by the required documentation, and occurred while Appellant was confined awaiting trial in other cases. The record reveals no prosecutorial misconduct in this regard. *See Commonwealth v. Pettersen*, 49 A.3d 903, 910 (Pa.Super. 2012) (finding Commonwealth may refile charges prior to expiration of statute of limitations if the refiling is not intended to harass defendant or would not prejudice defendant).

Nevertheless, assuming, *arguendo*, that the Commonwealth erred in refiling the charges at action number 2745-2010, we find that Appellant is not entitled to relief. Appellant concedes that he was acquitted of second-degree robbery following his trial. We have long held that in order to establish prejudice, the petitioner "must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction." *Watley*, *supra* at 1040 (citation

- 9 -

omitted). Ultimately, the jury vindicated the first magisterial court's dismissal of the second-degree robbery charge by acquitting him of that offense. On appeal, we affirmed Appellant's judgment of sentence in all respects. *See Commonwealth v. Jiles*, 48 A.3d 469 (Pa.Super. 2012) (unpublished memorandum). Thus, despite trial counsel's alleged error, Appellant has not established that the outcome of the proceedings would have been different, and therefore, Appellant is not entitled to relief.

Appellant next asserts that trial counsel was ineffective for offering him flawed advice regarding a global plea offer of seven to fourteen years incarceration presented by the prosecution prior to trial. Appellant maintains that counsel exaggerated his chances of acquittal and failed to inform him of the maximum sentence he faced for each case. In reliance on counsel's advice, Appellant proceeded to trial wherein he was sentenced to a harsher punishment than offered in the plea deal. Appellant insists that, if counsel had presented an accurate account of the likelihood of success, then he would have accepted the plea offer. We find this issue lacks merit.

During a hearing held on September 13, 2011, the trial court reviewed the contents of Appellant's plea offer, and confirmed his desire to go to trial. The court questioned Appellant's motive for rejecting the plea deal as follows:

> The Court: What do you need to think about, [Appellant]? You either get 7 to 14 concurrent or you go to trial and if you lose one of them, you're going to get more.

- 10 -

Appellant: I understand.

. . . .

The Court: They've offered you concurrent time, which means that the sentences you've received on the pending cases would all run with sentences you've received. By going to trial, if found guilty, any sentence you would receive, they're going to request that be run consecutive to the sentences you've already received.

Appellant: Yes.

The Court: Okay. [Appellant], you can lead a horse to water, but you can't make him drink. I can't imagine anyone under the circumstances that was acting rationally that would make the same decision that you've just made.

Appellant: Well, I --

The Court: I don't need to know why, I'm just - - I'm a little bit confounded. It's entirely up to you, but I want you to think about what you're going to be dreaming about seven years from now when you think, you know, I may have looked tough in court when I rejected the offer, but, geez, I really wish I had taken that offer.

Appellant: I don't have nothing to be tough about, Your Honor, you know what I mean? They didn't go through the proper procedures, I brought it to you -- . . . Every hearing you shot me down. I got the law on my side, but you – you – I come to you, then they have a sheriff's warrant, you don't suppress that. The warrant's not time stamped, that didn't happen until after they went into my house, but you want transcripts stating that I want these to be time stamped, they need a search warrant, but you do nothing about it[.]

. . . .

The Court: . . . So the reason why I said what I said is I don't want you laying in bed, you know, seven years from now and

- 11 -

saying, you know what, I don't know what I was trying to prove, but I really wish I was out right now.

Appellant:  Or in a few months or whatever I do get turned over and I am out by now.  There's still that chance that I took into consideration, you know what I mean?

N.T. Hearing, 8/13/20, at 2, 4-7, 9.

During the PCRA hearing relevant to this appeal, Appellant's trial counsel, Attorney Hoffman, testifying as a witness, further explained Appellant's rationale for rejecting the plea offer:

Prosecutor:   And did you discuss [the plea] offer with [Appellant]?

Attorney Hoffman:  We did.

Prosecutor:   And what was your position to him regarding whether he should take the offer or not?

Attorney Hoffman:  I just told him what the offer was.  I didn't tell him whether or not he should take it.  I did explain to him that this was the offer, that we had a lot of other trials to go because I believe at that point we had only had one trial and there were a lot of outstanding suppression issues that had been decided against us that he didn't want to lose on appeal if we pled guilty.

Prosecutor:  And did you advise him that if he didn't take the offer, he could be facing additional time?

Attorney Hoffman:  Yeah.  We've had that conversation a lot about the fact of the matter is a lot of charges we don't know what the judge was going to do at sentencing.

Prosecutor:  Did you recommend going to trial over taking the offer?

Attorney Hoffman:  No.  I always left that decision in his hands. I did explain to him, though, that if we did enter a plea, he

- 12 -

wouldn't be able to fight the suppression issues which he had – which he felt strongly about fighting in the future.

N.T. PCRA Hearing, 12/10/15, at 17-18. On cross-examination, trial counsel reiterated that Appellant "felt very strongly" about his desire to appeal the suppression motions, and that, as a result, Appellant "wanted to go to trial." *Id*. at 19-20. Nonetheless, he conceded that he did not discuss the maximum and minimum sentences Appellant faced for each charge. *Id*. at 20.

Herein, the PCRA court credited Attorney Hoffman's testimony that Appellant's motivation for rejecting the plea deal was fueled by his desire to overturn certain adverse rulings. The record supports this finding. The record does not support Appellant's contention that trial counsel led Appellant to believe he would likely receive an acquittal if he went to trial. Indeed, Attorney Hoffman asserted, and the record reflects, that Appellant made the decision to reject the plea offer based on his belief that his suppression contention would be validated on appeal, and that he would be released from prison shortly thereafter. Appellant's comments during the hearing also suggest a strong desire to seek absolution upon appeal regardless of the sentences he faced. Appellant has not shown, and the record does not reflect, that, but for trial counsel's advice, Appellant would have accepted the plea offer. Hence, this issue is without merit.

As Appellant's third and fourth issues are related, we consider them together. Appellant insists that he was subject to "structural error" because a prosecutor who litigated some of the motions during his trial was engaged in a romantic relationship with the presiding judge. *Turner*/*Finley* brief, 1/23/17, at 12. In addition, he claims that trial counsel rendered ineffective assistance for failing to file an application for relief after he learned of the supposed affiliation. Further, Appellant counters the Commonwealth's claim that this matter was previously litigated by contending that our decision related to similar claims in a prior proceeding pertained only to his case at action number 5684-2009, which is not implicated here. *See Commonwealth v. Jiles*, 102 A.3d 533 (Pa.Super. 2014) (unpublished memorandum).

We observe that Appellant filed a *pro se* PCRA petition on January 4, 2013, at action numbers 2718-2009, 2719-2009, 2745-2010, 3039-2009, and 5684-2009. In that petition, under a heading related to action number 5684-2009, Appellant raised the precise issues implicated here, that is, structural error caused by the presiding judge's alleged relationship with a prosecuting attorney, and Attorney Hoffman's ineffective assistance of counsel arising therefrom. *Id*. at *2.

As to the first issue, we found that Appellant failed to present any evidence of a relationship between the attorney and the presiding judge or that the alleged relationship occurred during Appellant's criminal trial. *Id*. at

*3. In regards to Appellant's ineffectiveness claim, we found that, due to Appellant's lack of evidence pertaining to the improper relationship, this claim also lacked arguable merit. *Id*. Thus, we found that the PCRA court did not err in denying Appellant's petition. We did not, as Appellant apparently suggests, render this opinion solely for his action arising at number 5684-2009. Hence, Appellant's claims were previously litigated and cannot form the basis of PCRA relief.[3] 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following . . . [t]hat the allegation of error has not been previously litigated[.]"); 42 Pa.C.S. § 9544(a)(2) ("For purposes of this subchapter, an issue has been previously litigated if . . . the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]"). Thus, Appellant's claims fail.

Our independent review of the record confirms that Appellant's averments in his PCRA petition cannot afford him relief. We concur with

---

[3] We note that, even if Appellant were correct in his assertion that this matter was not previously litigated as to action numbers 2718-2009, 2719-2009, 2745-2010, and 3039-2009, then these issues would be waived since he could have raised them concomitantly with his challenge at action number 5684-2009 in his first PCRA petition. *Commonwealth v. Oliver*, 128 A.3d 1275 (Pa.Super. 2015) (stating, "An issue is waived if [a petitioner] could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state [PCRA] proceeding."); 42 Pa.C.S. § 9543(a)(3). Thus, he would still not be entitled to relief.

counsel's assessment that there is no merit to his request for PCRA relief. Hence, we discern no error in the PCRA court's decision to deny Appellant's PCRA petition.

Petition of Heather A. Reiner, Esquire, to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/17/2017